UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                          Cas No. 23-50204

v.

                                         HON. MARK A. GOLDSMITH

MICHAEL JOHNSON,

        Defendant.
_____/

**ORDER**
**(1) ACCEPTING AND ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE DATED APRIL 4, 2023 (Dkt. 6) AND (2) GRANTING PLAINTIFF'S MOTION FOR RETURN OF PROPERTY (Dkt. 1)**

This matter is presently before the Court on the Report and Recommendation (R&R) of Magistrate Judge David R. Grand, issued on April 4, 2023. In the R&R, the Magistrate Judge recommends that the Court grant Plaintiff Michael Johnson's motion for return of property.

The parties have not filed objections to the R&R, and the time to do so has expired. See Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 108 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct

a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error.

The Court further notes that, in its response to Johnson's motion (Dkt. 5), the Government stated that it does not object to returning the property identified by Johnson in his motion, and that "when Johnson designates an appropriate recipient, the [G]overnment will return the property identified as Item 008 (proof of residency for Johnson) . . . ." Resp. at 1. The Government's response further explains that Johnson "can identify his designee in writing by sending the name and address" of such designee to:

> Craig F. Wininger
> Assistant United States Attorney
> 211 West Fort Street, Suite 2001
> Detroit, Michigan 48226

Id. at 1–2.

For these reasons, the Court accepts the recommendation. The Court grants Johnson's motion (Dkt. 1). The Court further directs Johnson to provide to the Government at the above address, the name and address of Johnson's desired recipient for the return of "Item 008." The case is now closed.

SO ORDERED.

Dated: July 6, 2023　　　　　　　　　　　　　　　　s/Mark A. Goldsmith
　　　　Detroit, Michigan　　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge